Wright, J.
 

 The defendant is not liable if it did not, as a municipal corporation, contract with or authorize in any way the plaintiff to furnish the additional sand required to bring up the street to the grade which it had itself established. Un doubtedly, though a municipal corporation be charged with the duty of regulating and repairing the streets, no action will lie against such corporation for repairs put upon them without its assent or authority. It may be doubted, however, whether, in all cases, to make the city of Buffalo liable for work done in improving its streets, its common council must necessarily contract for the doing of such work, and that none other of its agents or officers have any authority in the premises. But assuming that the authority is only with the common council, the same power that contracts may assent to vary or modify the contract. That I think was in effect done in this case. It does not seem to be a case where a contractor, not content with his contract, colludes with the subordinate officers of the corporation to obtain more than the price for which he has agreed to do the work, in the way of extra compensation. It is rather one where extra labor was required to be performed by the contractor in the fulfillment of his contract, because of an act of the corporation itself, and which the contractor could not control.
 

 The contract of the plaintiff was to pave the street, and put underneath the pavement eight inches of lake sand, for which he was to receive a stipulated compensation. He had nothing to do with forming or grading the street, but that was the business of the city. The city did form and grade it in such a way as that it was impossible for the plaintiff to comply with the contract in regard to paving according to the established grade,
 
 *199
 
 and also in regard to the quantity of sand. The city had contracted for eighteen inches of sand under the pavement; but subsequently excavated and graded the street in such a way as to require twenty-two inches. That the pavement should be brought up to the established grade was the important point, and for the interest of the defendant, as the paving would otherwise have been’ useless. I think, therefore, that the city, in effect, consented to vary the contract in regard to the quantity, of sand to be furnished. It was not necessary that such assent should be expressed by a formal resolution of the common council, but it may be implied from its acts relating to the particular work subsequent to entering into contract with the plaintiff.
 

 It is urged that when the plaintiff found that he could not, fulfill his contract in all its particulars, he should have obtained the action of the common council before commencing or continuing the work. This could not have been absolutely required to enable him to recover. The corporation had authorized the street commissioner to make the contract, and the contract made provided that the work should be done under the direction of such commissioner. This plainly intended that, the street commissioner might direct in regard to variations rendered necessary by the action of the city authorities. Had the plaintiff insisted on doing the work in precise accordance with his contract, the street commissioner could have prevented it, or at least it would have been his duty to present the matter to the common council. Instead of doing this, however, he directed that the street should not be dropped below, but that extra sand must be furnished by the plaintiff to keep it at the grade.
 

 Under the facts found, I am of the opinion that the plaintiff should have recovered. The city must be deemed to have impliedly assented to the alteration of the contract in respect to the quantity of sand to be furnished.
 

 The judgment of the Supreme Court should be reversed, and a new trial ordered, with costs to abide the event.
 

 
 *200
 
 Comstock, Ch. J., Selden, Denio, Bacon and1 Welles, Js., concurred; Davies and Clerke, Js., dissented, and were for affirming the judgment.
 

 Judgment reversed.