GEORGE C. WOOLSEY, Respondent,

*v.*

THE TRUSTEES OF THE VILLAGE OF RONDOUT, Appellants.

Where a defendant lies by until trial before objecting to the sufficiency of the complaint, it is a proper exercise of discretion in the court or referee to allow the necessary allegations to be supplied by amendment where they do not amount to a new cause of action.

The official character of the officers of a municipal corporation may be proved by showing them to be officers *de facto.*

### *Appeal from General Term.*

MORGAN, J.  The complaint in this action charged that the defendants are a body corporate and politic, duly formed and organized under the laws of this State, and are indebted to the plaintiff in the sum of three hundred and eighty-six dollars and sixty-two cents, by virtue of a certificate of indebtedness, delivered to him April 6, 1859, a copy of which is set forth under the attestation of the clerk.

The answer denies the plaintiff's allegations, and then, by a second defense, states that the claim of the plaintiff was for building a wall for the benefit of private property principally belonging to the defendant; and that the charter of the village did not confer any authority upon the municipal corporation to incur any indebtedness or liability for such a purpose.

The issue was referred; and upon the hearing, the defendant objected that the complaint did not state facts enough to constitute a cause of action.  Thereupon, on motion of the plaintiff, the referee allowed an amendment to the complaint, by which the plaintiff alleged that the sum claimed was due him for work, services and labor performed by the plaintiff upon a public highway within the limits of the village of Rondout, at the request of the defendants.

The defendant's counsel objected to this amendment for the reason that it constituted a new complaint, and set up a new cause of action where none was originally stated. The objection was overruled by the referee, and the defendant's counsel excepted. On motion of the defendant the referee adjourned the cause for ten days, with liberty to the defendant to amend the answer if he desired so to do.

At the adjourned day, the trial proceeded without any amendment of the answer. The facts found by the referee are substantially as follows:

The trustees of the village of Rondout were incorporated April 4, 1849, by an act of the legislature, and their powers defined in the act of incorporation, and the several acts amendatory thereto, passed April 9, 1851, March 19, 1852, and March 17, 1857. In the winter of 1859 the trustees caused the roadway of Division street to be widened for a space of about two hundred feet in length by about twenty-five in width ; that a portion of the work rendered necessary to be done by this improvement, was done and performed by the plaintiff under two several contracts with the trustees, and that the trustees awarded and allowed him therefor the sum of $386.62, and afterward delivered a certificate of such indebtedness to the plaintiff, accompanied by a draft or order upon the treasurer, payable four months from date and bearing date April 6, 1859, which, although presented at maturity, was not paid.

The evidence by which these facts were proved was strenuously resisted, and the case bristles with exceptions. They may all, however, be grouped into classes and disposed of without difficulty.

I. It may be admitted that the original complaint was not sufficient to resist a demurrer; but the defendant having gone down to trial, I think it was right in the referee to allow the amendment. Although the objection was not obviated by the defendant's neglect to put in a

demurrer, it was obviated by the amendment.    Indeed, the referee was not required to dismiss the plaintiff's complaint on the defendant's motion, but might have proceeded to try the action without an amendment.    The evidence on the trial having supplied the defect, the plaintiff would be entitled to amend, even after judgment. *Lounsbury* v. *Purdy*, 18 N. Y., 515.    If a defendant will lie by until the trial before objecting to the sufficiency of the complaint, I think it is a proper exercise of discretion in the court or referee under section 173 to allow the necessary allegations to be supplied by amendment, when they do not amount to a new cause of action.

II. The defendant's counsel also insisted before the referee that the official character of the officers of the village could not be proved by evidence showing that they acted and were reputed as such, but that record evidence was necessary.    This objection was clearly untenable, as it was sufficient for the purposes of this action to show that they were officers *de facto*.

III. The defendant's counsel also insisted that the certificate of indebtedness and drafts drawn by the president upon the treasurer were improperly admitted in evidence. This objection is equally untenable.    The recovery was not based upon these documents, but upon proof of the contracts under which the plaintiff performed the labor. And these papers were admissible, in connection with the parol evidence, to show a settlement between the plaintiff and corporation of the amount due.    There was abundant proof that these papers were made under the authority of the trustees and delivered to the plaintiff as vouchers, upon which the treasurer might with propriety have paid the amount of the plaintiff's claim.

IV. The defendant's counsel also objected to proving by parol evidence an acceptation by the corporation of the plaintiff's written propositions to perform the labor.    But no objection was made to such proof until after it was given.    If there was anything in their resolution of

acceptance changing the terms of the contract, the defendant might have procured it. At all events, *his* objection came too late to be available.

The act of incorporation as amended in 1857 (Laws of 1857, vol. 1, p. 243, § 3) constituted the village of Rondout a separate highway district, and clothes the trustees with all the powers and duties of commissioners of highways therein; and provides that the money raised by assessment for highway purposes, shall "be expended under the direction of the board of trustees in making and keeping in repair the highways, bridges and roads within the corporation, in such manner as they judge it the most beneficial to the public."

And by section 4 of the act of 1857, the trustees, by a unanimous vote of the board, may make and cause to be made, sewers, drains and vaults through any street, also patch, level, raise, repair, mend, clean, macadamize and pave any of the streets, if, in their opinion, it shall be considered a public benefit both as to convenience and salubrity of the place. The expenses of these improvements are required to be assessed upon the owners or occupants of all the houses and lots intended to be benefited thereby. The amount of the estimated expense is required to be made by five disinterested freeholders to be appointed by the trustees, and their certificate being returned and ratified by the trustees, or a majority of them, is made binding on the owners and occupants. The amount when collected is required to be paid to the treasurer of the corporation, to be paid out by him on the order of the said board of trustees, or a majority of them, toward making any of the above named improvements.

It is not disputed but that the treasurer had moneys in his hands applicable to the improvement of Division street, and whether it came from the highway tax or from an assessment upon the owners of the lots under section 4, is, I think, quite immaterial.

The improvement itself was clearly within the discretion

of the trustees, and it will be presumed that they proceeded legally until the contrary appears. *Ex parte Clapper*, 3 Hill, 458.

As was said by SELDEN, J., in *Ketchum* v. *The City of Buffalo*, 14 N. Y., 364, "Every contract for labor not paid for in advance is necessarily a contract upon credit, because the labor once performed cannot be recalled." If the trustees could make the improvement they could employ the defendant to do the labor, and make the corporation liable for their acts. *Conrad* v. *The Trustees of Ithaca*, 16 N. Y., 158; *Messenger* v. *The City of Buffalo*, 21 N. Y., 196.

I think the judgment should be affirmed.

DAVIES, Ch. J., and WRIGHT, J., not concurring.

Judgment affirmed.