JOHN PAULDING et al. Appellants *v.* JAMES SHARKEY, Impleaded etc., Respondent.

The will of P. empowered his executors, three in number, to sell his real estate ; they made a sale, all joining in the conveyance. The considera- tion was paid by check payable to the order of M., one of the executors ; he, in good faith, indorsed and delivered it to G., a co-executor, who obtained the money thereon. On an accounting of the other executors, after the death of G., *held*, that they were not liable for the sum so received by G.

(Argued March 16, 1882 ; decided March 21, 1882.)

APPEAL from judgment of the General Term of the Su- preme Court in the second judicial department, entered upon an order made May 12, 1880, which affirmed a decree of the surrogate of Kings county, on settlement of the accounts of James Sharkey and James R. Marvin, as executors of the will of John Paulding, deceased.

The material facts are stated in the opinion.

*Charles N. Black* for appellants.    Where an executor, by his negligence, suffers his co-executor to receive and waste the estate when he has the means of preventing it, by proper care, he is liable to the beneficiaries under the will for the estate thus wasted. (*Adair* v. *Brummer*, 74 N. Y. 539–566 ; *Clark* v. *Clark*, 8 Paige, 153.) An executor is liable when he allows his co-execu- tors to receive money without making due inquiry as to his dealing with it. (*Spencer* v. *Spencer*, 11 Paige, 299 ; Tiffany & Bullard on Trusts, 49, 550.) It is the duty of all execu- tors to watch over and, if necessary, correct the conduct of each other. (*Townley* v. *Sherbourne*, 2 White & Tudor's Lead. Cas. in Eq., Part 2, p. 1771, marg. p. 900.) If money is left improperly and unadvisedly in the hands of a co-trustee, so that he has an opportunity to misapply it, all the trustees will be re- sponsible for any loss that may occur to the trust fund. (Perry on Trusts, § 444.)

*Henry J. Schenck* for respondent.    Joining in a receipt by

one executor, though perhaps not absolutely necessary, is not conclusive against an executor any more than against a trustee to charge him with the receipts by his co-executor. (*Hovey* v. *Blakeman*, 4 Ves. 607.) When the joining in of a receipt is necessary, the executor who does not receive the money is excused from liability. (*Hovey* v. *Blakeman*, 4 Ves. 607; *Kip* v. *Deniston*, 4 Johns. 23; *Lord Shiplerbrooke* v. *Lord Hitchinbrooke*, 11 Ves. 244; *Sherman* v. *Parish*, 53 N. Y. 483; *Sutherland* v. *Brush*, 7 Johns. Ch. 22; *Davis* v. *Clark*, 13 Wkly. Dig. 391; Code, § 1337.)

DANFORTH, J. John Paulding by his will appointed William Gardner, James R. Marvin and James Sharkey his executors. They were authorized and empowered to sell his real estate, either at public or private sale, for such price as they deemed best, and execute deeds or conveyances therefor. He died; the persons named as his executors qualified, and undertook the duties of their office. Real and personal estate came into their hands. The personal estate was of little value and no question in regard to it arises here. The real estate was sold to one Phillips; all the executors joined in the conveyance, but the price was paid by the purchaser by his check, payable to the order of James R. Marvin, and delivered to him. He indorsed and delivered it to his co-executor, Wm. Gardner. He also indorsed it and received the money. Gardner died, and thereafter in November, 1877, James Sharkey and James R. Marvin, as surviving executors, sought an accounting before the surrogate. Objections were filed by the appellants, but after examination the account was settled and allowed by the surrogate and a decree made, exonerating Marvin and Sharkey, and declaring that the estate of William Gardner was alone liable for the balance remaining in his hands, or for any moneys of the estate of John Paulding.

Upon appeal to the General Term the decree was affirmed; and the appellants now seek to review the judgment so far as it is in favor of Sharkey.

SICKELS — VOL. XLIII.     55

By the account submitted to the surrogate, it appears that the money in question never came to the hands of Sharkey. There was on his part the exercise of good faith in the execution of his trust. The co-executor had an equal right with Sharkey to possession of the money, and it came into his hands, therefore, without fault on the part of the respondent. Nor is there any thing in the case which should make him liable for the subsequent acts, or the default of his co-executor in relation thereto.

The earlier cases in regard to the liability of one trustee who had joined in a deed with his co-trustee, but who in fact received none of the purchase-money, were considered in *Monell* v. *Monell* (5 Johns. Ch. 283), and the question relating to the liability of one executor for moneys received by his associate, has been fully discussed in the case of *Croft* v. *Williams*,\* recently decided by this court, and the conclusion reached that such joint act, when necessary and only formal, is insufficient of itself to impose such liability. Within the principle there laid down, the decree of the surrogate was proper. It is sustained by the evidence, and as no rule of law was violated, the judgment of the General Term approving it should be affirmed.

All concur, except ANDREWS, Ch. J., absent.

Judgment affirmed.