In the Matter of the Application of GEORGE C. GLACIUS, Respondent, *v.* ELIZABETH FOGEL et al., Executors, etc., Appellants.

Where a mortgagor, who was personally liable for any deficiency arising on foreclosure of his mortgage is dead, his personal representatives may be made parties to an action to foreclose the mortgage, and a decree may be rendered therein that the deficiency be paid out of the estate in their hands in due course of administration.

The provision of the Revised Statutes (2 R. S. 191, § 152) conferring upon the court, having jurisdiction of a foreclosure suit, power "to decree and direct the payment by the mortgagor" of any deficiency, does not ex-

* *Ante*, p. 384.

clude such relief against his representatives, and this is expressly authorized by statute. (2 R. S. 113, § 2.)

Where the personal representatives of a deceased mortgagor have been thus made parties to a foreclosure suit brought in a court of competent jurisdiction, and process has been served upon them, and the judgment directs payment by them out of the estate of a deficiency, in proceedings before the surrogate to compel payment of such deficiency, said surrogate has no power to pass upon the validity of the judgment, or the sufficiency of the complaint, or to try the questions which were or might have been adjudicated therein. If a defense exists because of delay in foreclosure, and a consequent depreciation in value of the property, it should be set up in the foreclosure suit.

*It seems*, however, that a delay, in the absence of a request to foreclose, is not a defense.

*Johnson* v. *Corbett* (11 Paige, 265), distinguished.

A surrogate has no power on the accounting of executors to determine the validity or amount of a disputed claim, or in any way to examine the same.

The provision of the Revised Statutes (1 R. S. 749, § 4) requiring an heir or devisee taking real estate subject to a mortgage, to pay the mortgage out of his own property, does not require any additional allegations in a complaint which seeks to charge the personal representatives of a deceased mortgagor with any deficiency.

In proceedings to compel executors to account and to pay a deficiency judgment on forclosure, P., one of the executors, claimed and testified that he never had any part of the assets of the estate in his possession. It appeared, however, that he qualified as executor and acted as such, he rendered a joint account with his co-executor without making any such claim therein, and in it and the schedules attached the receipts and disbursements of money were stated as if made by the executors jointly. *Held*, that this was an admission of joint action and joint liability; and that the surrogate was justified in holding P. liable for the moneys received.

The entire real estate was devised to the executors in trust with power to sell; they sold the same, save that covered by the mortgage, and also received large amounts for rent, etc. *Held*, that the amounts thus received were assets for the payment of debts, and they were liable to account therefor to the petitioner.

(Argued February 10, 1882; decided March 24, 1882.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made September 13, 1881, which affirmed a decree of the surrogate of the county of Westchester, directing the de-

fendants as executors of the will of Henry L. Fogel, deceased, to pay to the petitioner the amount in their hands belonging to the estate, to apply upon a judgment for a deficiency, entered against said executors in an action to foreclose a mortgage executed by their testator.

Fogel, at the time of his decease, was the owner in fee of certain real estate at Morrisania, upon which was a mortgage, executed by him as security for a bond of $4,000, which bond and mortgage were assigned to plaintiffs. Fogel died August 21, 1873. By his will he gave all his estate, real and personal, to his executors in trust to rent and keep rented the real estate, and to invest the personal estate, and to divide and distribute the proceeds as directed by said will. No inventory of the personal estate of the testator was ever filed, and no steps taken toward filing such inventory until proceedings to compel the filing of an inventory were taken by the petitioners herein. After the decease of Fogel the executors paid the interest on the mortgage. Said mortgage fell due January 15, 1874, but no steps were taken to foreclose it until July, 1879, when an action was commenced to foreclose. The executors and all the devisees and heirs at law were made parties, the liability of the executors for a judgment for deficiency was set forth, and judgment for deficiency was demanded against them. A judgment of foreclosure was perfected and the mortgaged premises were sold, a deficiency judgment was rendered against the executors, amounting to $2,631.74. Proceedings were then commenced before the surrogate to compel the filing of an inventory of the personal estate of the deceased; the executors made return that there was no personal estate except such as belonged to the widow; thereupon these proceedings were commenced. The executors filed their account, and the surrogate found they had in their hands the sum of $1,946.03, which he directed to be applied in payment of said judgment. Upon the hearing the surrogate declined to hear the question as to the validity of the judgment.

*I. T. Williams* for appellant. The surrogate erred in declining

to consider the question of the validity or legality of the judgment. (*Johnson* v. *Corbett*, 11 Paige, 265. *In the matter of the Estate of Leon Furness*, 4 Redf. Surr. 93.) The judgment against the executor and executrix was illegal and void. (*Equitable Life Ins. Co.* v. *Stephens. et al.*, 63 N. Y. 344; 2 R. S. 191, § 152; 1 Wait's Pr. 137; *Rodes* v. *Evens*, 1 Clark's N. Y. Ch. 168; *Newkirk* v. *Burson*, 21 Ind. 129; *Fallon* v. *Buttler*, 21 Cal. 24.) The complaint in the case at bar, does not lay the foundation for such a judgment. (*Stevens* v. *Mayor, etc.*, 84 N. Y. 272, 296, 305; 1R. S. marg. p. 749 § 4.) It appearing that the mortgaged premises were of sufficient value to pay the mortgage debt, and the costs and expenses of foreclosing and continued to be of such sufficient value for a reasonable period of time to allow of a foreclosure and sale, the loss must be borne by the mortgagee. (*Johnson* v. *Corbett*, 11 Paige, 265; *Ormiston* v. *Olcott*, 84 N. Y. 347; *Wilson, ex parte*, 11 Ves. 410; *Schroeppell* v. *Shaw*, 3 N. Y. 446.) As Purdy never had any part of the assets of the estate in his possession or under his control, and never took any part in the management of the estate, he is not chargeable with the money spent by the executrix in the support of the family of the testator. (*Douglass* v. *Satterlee*, 11 Johns. 23; *Kipp* v. *Deniston*, 4 id. 26; *Banks* v. *Wilks*, 3 Sandf. Ch. 99; *Hammond* v. *Huntley*, 4 Cow. 494; Dayton on Surr.[3d. ed.]524; Wms. on Ex'rs[6th Am. ed.]1119, 1820, 1823; *White* v. *Bullock*, 20 Barb. S. C. 99; *Forsyth* v. *Ganson*, 5 Wend. 561; *Mesick* v. *Mesick*, 7 Barb. 124; *Sutherland* v. *Brush*, 7 Johns. Ch. 22; *Ormiston* v. *Olcott*, 84 N. Y. 346.)

*Samuel Hand* for respondents. The judgment, which is the foundation of the claim against the executors, was rendered against them by a court of competent jurisdiction, and cannot be impeached, nor its force impaired in a collateral proceeding, and the surrogate was, therefore, right in refusing to go into the question of the validity of the judgment. (*Norton* v. *Wood*, 22 Wend. 522; *Norris* v. *Floyd*, 5 Barb. 130; *Brick* v. *Wood*, 43 id. 315; *Foster* v. *Milner*, 50 id. 385;

*White* v. *Merritt*, 7 N. Y. 352; *Gates* v. *Preston*, 41 id. 113; 1 Paige's Ch. 41; Johns. Ch. 543; 35 Barb. 213; 36 id. 88; 32 N. Y. 281; *Letzner* v. *Gouverneur*, 2 Johns. 492; *Buren* v. *Hone*, 2 Barb. 586; *Hayes* v. *Reese*, 34 id. 451; *Foster* v. *Milner*, 50 id. 385; *Embry* v. *Connor*, 31 N. Y. 511; *White* v. *Merritt*, 7 id. 352; *Gates* v. *Preston*, 41 id. 113.) The surrogate has no jurisdiction to determine the validity or amount of a disputed claim against an estate upon an accounting. (*Tucker* v. *Tucker*, 4 Abb. Ct. of App. Dec. 428; 4 Keyes, 127; Redfield's Surr. Pr. 391; 5 Barb. 652; 10 id. 308; 24 id. 60; 17 How. Pr. 463; 10 Abb. Pr. 425; 29 Barb. 350.) A creditor, therefore, if he seek payment of his claim in case of contest before the surrogate, should show either that his claim has been assented to by the executor or duly established against him by a court of competent jurisdiction. (Dayton on Surrogates, 489; *Tucker* v. *Tucker*, 4 Keyes, 127; *Shane's Estate*, 1 Tucker, 352.) Actions of account and all other actions on contract may be maintained by and against executors in all cases in which the same might have been maintained by or against their respective testators. (2 R. S. [6th ed.] 123, § 2; 9 Paige's Ch. 90.) The qualification and action by Mr. Purdy as one of the executors and trustees under the will was an acceptance of the entire trust, and he cannot divest himself of that character by disclaimer or renunciation without the consent of the *cestuis que* trust or the sanction of the court. (*Earle* v. *Earle*, Sup. Ct., Spec. Term, Daily Reg., Feb'y 8, 1881; Williams on Ex'rs, §§ 1629–30; 5 Ves. 583; 13 id. 510; Perry on Trusts, §§ 417–18–19, 444; 11 Ves. 252, 333; 16 id. 477; *Clarke* v. *Clarke*, 8 Paige, 152; *Messick* v. *Messick*, 7 Barb. 120; *Douglass* v. *Satterlee*, 11 Johns. 16.) A trustee cannot be excused for allowing his co-trustee to waste the fund when he has the means of preventing it by reasonable care and diligence. (*Monell* v. *Monell*, 5 Johns. 296; *Hart* v. *Ten Eyck*, 2 id. 96; *Mumford* v. *Murray*, 6 id. 1; *Clarke* v. *Clarke*, 8 Paige, 152; Story's Eq. Juris., § 1284.)

MILLER, J. The proceeding in this case was instituted before

the surrogate of Westchester county to compel the defendants, as executrix and executor, to file an inventory of the personal estate of the testator for the purpose of obtaining payment upon a deficiency judgment rendered against the said executrix and executor upon the foreclosure and sale of real estate under a mortgage executed by the testator in his life-time with his bond accompanying the same. An accounting was had and a decree was made directing the defendants to pay over a sum of money which they had in their hands to be applied on account of said judgment.

The position of the appellant's counsel is, that the judgment against the executrix and executor was illegal and void as not being authorized by the Revised Statutes against the executor of the mortgagor. The statute in question (2 R. S. 191, § 152) confers upon the court having jurisdiction in a foreclosure case the power to decree and direct the payment by the mortgagor of any balance of the mortgage debt that may remain unsatisfied, after a sale of the premises in the cases in which such balance is recoverable at law, and for that purpose may issue the necessary executions as in other cases against the property of the mortgagor or against his person." It is insisted that the use of the word " mortgagor" as effectually excludes all others as if the words "and no other" were added. Such a construction is not we think warranted by any rule applicable to the interpretation of statutes. The mortgagor in this case was liable on the bond for the debt for which the mortgage was given as security. If the mortgaged premises were inadequate and the security thus failed, the debt was still existing for what was unpaid, and the remedy was perfect against the mortgagor, under the statute which was evidently designed for the purpose of avoiding the necessity of two separate actions. If the mortgagor was alive the judgment would have been against him personally, and upon his decease his estate would have been liable to pay the same, and his executors or administrators could have been compelled to apply funds in their hands in liquidation of the judgment. That the action was brought after the mortgagor's death, and against the executors can make no difference, and does not relieve them

from the liability which the testator had incurred, and which they would be obliged to meet, had the judgment preceded his death. The foreclosure of the mortgage was in fact against the executors who were standing in the place of the mortgagor, and the judgment was against his representatives, who were liable to satisfy the same out of any assets of the mortgagor in their hands. It is very clear upon principle that the representatives are liable to pay the debt of a deceased party in any event. But if any doubt can properly arise it is settled by the statute (2 R. S. 113, § 2), which authorizes actions to be maintained by and against executors in all cases in which the same might have been maintained by or against their respective testators. The case of *Leonard* v. *Morris* (9 Paige's Ch. 90) holds distinctly that when the mortgagor or other party personally liable for the deficiency in a foreclosure case is dead, his personal representatives may be parties to the suit to enable the complainant to obtain a decree that the deficiency be paid out of the estate in their hands in a due course of administration.

The rule stated is well settled, and if any different one was adopted the execution of a bond would be an idle ceremony in case of the maker's death. The Code, § 167, which provides that in actions to foreclose mortgages, if the mortgage debt be secured by the covenant or obligation of any person other than the mortgagor, such person may be made a party, and the court may adjudge payment of the residue of such debt remaining unsatisfied after the sale of the mortgaged premises against such other person, and may enforce such judgment is not inconsistent with the rule already stated and in no way interferes with the liability of the estate of a deceased mortgagor. Nor does it furnish any ground for limiting the liability of a mortgagor or prohibit a resort to his personal representatives for a deficiency in case of his death. The question what judgment should be entered where there are several parties besides the mortgagor who are separately liable does not now arise, and, therefore, it is not necessary to consider it on this appeal. The surrogate had no authority, we think, to pass upon the validity of the judgment. It was rendered by a court of

competent jurisdiction, and it cannot be impeached in a collateral proceeding. The executors were duly served with process, appeared by attorney, and the judgment was obtained upon due notice of motion for such judgment served upon the attorneys. It was a final adjudication between the parties by a competent tribunal as to their rights conclusive in another court, and the surrogate had no jurisdiction to try the questions which had been adjudicated. (*Norton* v. *Woods*, 22 Wend. 522 ; *White* v. *Merritt*, 7 N. Y. 352; *Gates* v. *Preston*, 41 id. 113; *Demarest* v. *Darg*, 32 id. 281.) And the authorities hold that this rule applies to matters which might have been litigated in the original action, as well as to those which are involved in or incidental to the issue or set up as a defense.

Nor had the surrogate jurisdiction to hear and determine the validity and amount of a disputed claim against the estate of the testator upon the accounting, or in any way to examine the same. (*Tucker* v. *Tucker*, 4 Keyes, 136 ; 4 Abb. Ct. of App. Dec. 428.) The judgment record before him in the foreclosure suit was conclusive, and upon no legal or equitable principles could it be there assailed.

The objection urged that the complaint in the foreclosure action does not lay the foundation for the judgment is not well founded. The complaint, which is in the usual form for the foreclosure of a mortgage, sets forth the making of the bond and mortgage by the testator with the date, amount and terms thereof; the death of the testator leaving a will; the proof of the will; the qualification of the executrix and executor, contains other necessary averments and demands that a sale of the premises be had, and that the executrix and executor may be adjudged to pay any deficiency which may remain unpaid upon the bond and mortgage after applying all the moneys realized applicable thereto. No objection has been interposed to the sale or to the regularity of any of the proceedings or to the judgment.

If the complaint was insufficient, the executrix and executor could have demurred, or, if their liability was disputed, have interposed an answer and thus tried the question. Having had

their day in court and failed to avail themselves of this opportunity, they are not authorized upon an accounting before the surrogate to set up matters which properly belong to the tribunal where the action was brought and the judgment obtained. Nor is there any ground for claiming that under the statute (1 R. S. 749, § 4) something more must be alleged in the complaint than was alleged here to entitle the party to a deficiency judgment against an executor or administrator.

A question is also made to the effect that there was delay in bringing the foreclosure-suit, and it is insisted by reason thereof the premises depreciated in value and that the loss occasioned thereby should be borne by the mortgagee and not by the estate of the testator. We think that the executrix and executor, if they had any such defense, should have set it up in the foreclosure suit. Independent, however, of any such consideration, the delay in the foreclosure of the mortgage, without any request to foreclose or any offer to pay, was not of such a character as to relieve the defendants from liability. The real estate was devised to these defendants and the legal estate was vested in them as trustees and not in the heirs at law. They made no tender of the money and no complaint as to the delay, and at one time refused an offer for the premises of several thousand dollars more than the mortgage, evidently preferring to hold on in expectation of a rise in value of the property. There was no delay occasioned by the mortgagee, which exonerates them from paying the deficiency.

*Johnson* v. *Corbett* (11 Paige, 265), which is relied upon by the appellant's counsel, presents entirely different features, and is not, we think, in point, and none of the authorities cited are adverse to the views which we have here expressed.

It is also insisted upon this appeal that Purdy, the executor, never had any part of the assets of the estate in his possession or under his control and never took any part in the management of the estate. It does not appear, from the record before us, that this point was distinctly presented upon the hearing before the surrogate, and therefore it does not now arise. If it was presented the proof shows that Purdy rendered a joint

account with his co-executrix, and no claim is made therein that he was not liable or that he did not jointly participate in taking charge of and receiving the assets, and in the disposition and control of the estate.

It also appears that he qualified as an executor under the will, and acted as such throughout.    Upon an application being made to compel the filing of an inventory of the personal estate, he alone made an affidavit that he was one of the executors and that the deceased left no personal property which had come to the hands or knowledge of the executors, except some household furniture, etc., which was set apart for the widow and family of the deceased.    When the executors were cited to render an account, such account was made out in the name of Henry Purdy as executor, and Mrs. Fogel as executrix.    To this account schedules are annexed, and it is stated that schedule A "contains a statement of all the property which has come into *our* hands, by *us* sold."    That it was fairly "sold by us," and of "all interest for moneys received by *us* for which we are legally accountable."    That "no other assets have come to *our* possession."    Schedule B is stated to contain "a statement of all moneys paid by us for funeral expenses," and schedule C of all "claims of creditors presented to and allowed by us, " etc., "and moneys paid by us to creditors."    The affidavit annexed to the account is signed and sworn to by each, the executor and executrix, and contains the usual verification as to its correctness, and states that the account "contains a full and true account of all the receipts and disbursements on account of said estate, and of all sums of money and property which has come into our hands or into the hands of either of us," and no separate account is presented by either of them.    These statements are virtually an admission of joint action and of a joint liability.    The proof also shows that the executor offered the mortgaged premises for sale at one time and refused to take a price which was offered because he considered it as not enough for the property.    He testified that he was one of the executors.    He superintended the removal of a building on the real estate, and tried to raise

money to pay off the mortgage. According to the account, he and his co-executrix received an award of a large amount for land taken, a considerable sum from rentals of real estate, and a still larger amount · upon the sale of real estate. The facts establish quite satisfactorily that he acted jointly with his co-executrix in the management of the estate, and although the executor testified that he had nothing to do with it, and the executrix swears that she had the sole management, this general evidence and conclusion of the witnesses is not sustained and is overborne by the strong evidence to which we have referred. As the evidence stands, the surrogate was fully justified in holding that the executor was accountable for the execution of the trust which he had assumed and chargeable for the moneys realized.

There was no error in the finding as to the amount that the executors had in their hands. Under the will the entire real estate was devised to and vested in them and the account shows that they received large amounts upon an award, for rents and real estate sold. The amounts thus received were assets for the payment of debts and distribution among legatees after the payment of debts. The real estate could not be reached under proceedings to sell under 2 R. S. 209, § 53, and the other acts relating to that subject, for it had already been sold and the moneys arising therefrom as well as from the rents and the award had been paid over to the representatives. They received it for the estate and were clearly liable to account therefor to the petitioner.

No other point is made which requires examination, and the judgment of the General Term should be affirmed.

EARL, DANFORTH and FINCH, JJ., concur; TRACY, J., concurs in result; ANDREWS, Ch. J., and RAPALLO, J., take no part.

Judgment affirmed.