County Court, Sullivan County, January, 1899.　　[Vol. 26.

The word " sidewalk," used in section 652 of the Penal Code, means a sidewalk along a highway.

The evidence returned by the justice on this appeal does not show that Bellmore avenue was a highway. In so far as the evidence discloses, it may be private property. It was essential for the people to prove that the sidewalk upon and along which the defendant drove his bicycle was, at the time, a highway.

It follows that the judgment of conviction must be reversed.

Judgment reversed.

WILLIAM L. THORNTON, as Administrator *de bonis non* of the Goods, Etc., of SARAH J. LAWRENCE, Deceased, Plaintiff, *v.* JULIA S. MOORE et al., Defendants.

(County Court, Sullivan County, January, 1899.)

Counterclaim — By administrator of mortgagor in an action of foreclosure by the administrator of the assignee of the mortgage — Pleading counterclaim — Failure of complaint to demand a judgment for a deficiency — Jurisdiction of surrogate to try a claim of a deceased administrator against his estate.

Edwin R. Lawrence and his wife Sarah J. executed a bond and mortgage which was subsequently assigned by the mortgagee to Sarah J., and after her death Edwin R. was appointed her administrator, but he died before completing his trust. Her administrator *de bonis non* brought an action of foreclosure against the administrator of Edwin R., but claimed no judgment for a deficiency against such administrator, nor against parties who were subsequent purchasers of the premises but not had assumed the mortgage. Held, that under sections 505 and 506 of the Code of Civil Procedure, a note or due bill, which Edwin R. Lawrence held against Sarah J., and which was due at the time of her death, might properly be interposed as a counterclaim.

That such counterclaim was provable under an allegation of the answer that upon a proper adjustment a balance was owing to the estate of Edwin R. Lawrence from that of Sarah J.

That as the personal estate of Edwin R. Lawrence was liable for any deficiency and was liable to subsequent purchasers whose title would be defeated by the foreclosure sale, the counterclaim, notwith-

standing the fact that there was no demand for a judgment for deficiency, could be and was properly interposed by his administrator.

That, in a proceeding to compel the administrator of a deceased administrator to account, the surrogate had no jurisdiction to try a claim existing in favor of the deceased administrator against his estate as such administrator.

ACTION of foreclosure.

Frank S. Anderson and T. F. Bush, for plaintiff.

James I. Curtis, R. Ed. Schofield and Alpheus Potts, for defendants.

GEO. H. SMITH, J.   This action was brought to foreclose a mortgage owned by the plaintiff's intestate at the time of her death.   The mortgage was executed by Edwin R. Lawrence and Sarah J., his wife, to Joseph Anderson, and subsequently assigned to said Sarah J. Lawrence.   It bears date on the 24th day of November, 1876, and was assigned to Sarah J. Lawrence, August 23, 1878. Mrs. Lawrence died February 20, 1888, and Edwin R. Lawrence was thereafter duly appointed administrator of her estate.   He entered upon the discharge of his duties as such administrator, but died before the estate was finally settled.   The plaintiff was thereafter duly appointed administrator *de bonis non* of said estate, and Alexander F. Lawson was appointed administrator of Edwin R. Lawrence.   Plaintiff thereafter commenced this action in his representative capacity and Alexander F. Lawson was made a party defendant, as administrator of Edwin R. Lawrence.   Separate answers were interposed by defendant Lawson, and other parties, subsequent purchasers of some portion of the mortgaged premises. Several defenses were set up in the answers which, under the rulings and decisions upon the trial, it will be unnecessary to consider here.

On the trial of the action the defendant Lawson offered in evidence a note, or due bill, held by Edwin R. Lawrence against Sarah J. Lawrence, for the sum of $650.   Lawson insists that the note is a proper counterclaim in this action and should be allowed as an offset against the sum due upon the mortgage.   Whether or not the defendant is right in this contention constitutes substantially the only question necessary to determine in this action.

Section 505 of the Code of Civil Procedure provides that in an action against an administrator, the defendant may set forth as a counterclaim a demand belonging to the decedent where the decedent would have been entitled to set forth the same in an action against him. Section 506 provides that in an action by an administrator, a demand against the decedent, belonging at the time of his death to the defendant, may be set forth as a counterclaim as if an action had been brought by the decedent in his lifetime. It would seem that the language of these provisions is broad enough to admit the note as a counterclaim in this action; but the attorney for the plaintiff in his brief urges several reasons why, as he claims, the counterclaim cannot be allowed. They will be considered briefly in the order in which they are presented.

First. It is claimed that the note cannot be interposed as a defense, because no counterclaim was set up in the defendant Lawson's answer. Lawson alleges, in his answer, " That on a proper settlement and adjustment of the account and claims existing in favor of Edwin R. Lawrence at the time of the death of Sarah J. Lawrence, including the said bond and mortgage and the accounts and claims existing in favor of the estate of said Sarah J. Lawrence, there was and is a balance due and owing from the said estate of Sarah J. Lawrence to the said Edwin R. Lawrence, and the same is now due and owing his estate." There can be no doubt that this allegation was intended to enable the defendant Lawson to prove any demand which constituted a legitimate and proper counterclaim in favor of his intestate's estate, and under the authority of Lathrop v. Godfrey, 3 Hun, 739, I am inclined to think that it is sufficient for that purpose. No objection was made on the trial on that ground. Had there been, the defendant might have moved to amend his answer and put himself in a position to prove the note, and, consequently, no objection upon that ground should be heard at this time. Jordan v. Nat'l Shoe & Leather Bank, 74 N. Y. 471.

The note was due from the day of its date, January 9, 1887. Sarah J. Lawrence died on the 20th day of February, 1888. The note was a demand existing in favor of Edwin R. Lawrence at the time of her death, and is, therefore, a proper counterclaim in the action. Patterson v. Patterson, 59 N. Y. 574; Jordan v. Natl. Shoe & Leather Bank, *supra;* Thompson v. Whitmarsh, 100 N. Y. 35; Wakeman v. Everett, 41 Hun, 278.

Second. No judgment for deficiency against any of the defendants is demanded in the complaint.

Plaintiff urges this as a reason why the counterclaim cannot be allowed. Perhaps a sufficient answer to this contention can be found in the fact that no judgment for deficiency could have been properly demanded against any of these defendants. The subsequent purchasers of the mortgaged premises were not liable for any deficiency, because they had not assumed the payment of the mortgage. The defendant Lawson was sued in his representative capacity, and no judgment for deficiency could be obtained against him. Thomas on Mortgages (2d ed.), § 831; Glacius v. Fogel, 88 N. Y. 434.

But the personal estate of the deceased mortgagor was liable for any deficiency on the sale of the premises. Glacius v. Fogel, *supra.* It was also liable to the subsequent purchasers whose title would be defeated by the mortgage sale. It was, therefore, the duty of the administrator to interpose any defense which would reduce the amount of the plaintiff's demand. The cases cited by plaintiff's attorney to sustain his position that a counterclaim cannot be allowed in an action wherein no personal judgment is demanded are either clearly distinguishable from this case, or else tend to sustain the defendant's claim. The case of Lipman v. J. A. I. Works, 128 N. Y. 58, holds that a party in a foreclosure case who has a lien against or claim upon the mortgaged premises subject to the mortgage, and is, therefore, a necessary defendant in the action, but who owns no part of the mortgaged premises and against whom no personal judgment for deficiency is demanded, cannot set up a counterclaim consisting of an independent cause of action in his favor. In the case of Hunt v. Chapman the counterclaim was allowed, not because the plaintiff demanded a deficiency judgment against the party setting up the counterclaim, but because the case was one in which a separate judgment for deficiency might be had against such defendant. To the same import also is Bathgate v. Haskin, 59 N. Y. 540.

In National Fire Ins. Co. v. McKay, the court held that, as defendant McKay had no title or interest in the mortgaged premises, and the complaint claimed nothing against him personally, and there was nothing in litigation between plaintiff and himself, the action was not subject to his counterclaim. In that case the court took occasion to remark that "in a foreclosure suit a defendant who is personally liable for the debt, or whose land is bound

by the lien, may probably introduce an offset to reduce or extinguish the claim." Nat'l Fire Ins. Co. v. McKay, 21 N. Y. 196.

I can see no valid reason why, where the action is brought against the owner of the mortgaged premises or a party liable for the debt, the defendant should not be permitted to set up any proper defense or counterclaim which will tend to reduce or defeat the plaintiff's claim. If this were not allowed, a mortgagee against whom a valid counterclaim existed in the hands of the mortgagor, could circumvent its being interposed in the action to foreclose simply by pursuing his remedy against the property and not demanding any personal judgment, something that is entirely unnecessary where the property is ample security for the mortgage debt.

Third. It is also claimed that the allowance of this counterclaim will interfere with the *pro rata* distribution of assets between the creditors of the deceased parties. As there is no evidence in the case that the estate of either Sarah J. Lawrence or Edwin R. Lawrence is insolvent, or will not pay the just debts in full, it is difficult to understand how it can be determined in this action that any creditor of either estate will be injured by the allowance of this counterclaim. But whether they would or not, these claims were both past due before the death of either party and the allowance of the note as a counterclaim is expressly authorized by sections 505 and 506 of the Code, and the cases above cited.

Fourth. Plaintiff further argues that said note has already been interposed by defendant Lawson as a claim against the estate of Sarah J. Lawrence in a proceeding instituted under section 2606 of the Code of Civil Procedure by the present administrator of Sarah J. Lawrence against said Lawson for an accounting in relation to the proceedings of Edwin R. Lawrence as administrator of said Sarah J. Lawrence.

The evidence shows that the note was proved in that proceeding, which is still pending; but as that is a proceeding to compel the administrator of a deceased administrator to account, the Surrogate's Court has no jurisdiction to try the matter of a claim existing in favor of the deceased administrator against the estate which he represented. The mere fact that it was presented and proved on that accounting does not extinguish the claim nor prevent the defendant Lawson from setting it up in this action. There is no power in the court to order it paid or allowed in that proceeding. After a careful examination of the authorities cited by the counsel for the

plaintiff I am compelled to conclude that the note is a proper counterclaim and should be allowed in this action.

The plaintiff is entitled to the usual judgment of foreclosure and sale for the amount of the bond and mortgage, with interest thereon as claimed in the complaint, less the amount of the due bill and interest from the day of its date, and as the mortgaged premises have been sold subsequent to the mortgage by clear title they should be sold in the inverse order of their alienation.

Ordered accordingly.