(87 App. Div. 86.)

In re PROVOST'S ESTATE.

(Supreme Court, Appellate Division, Second Department.   October 16, 1903.)

1. ADMINISTRATORS—RECEIPT OF FUNDS—LIABILITY—INDORSEMENT OF CHECK.
  Where a check payable to the joint order of administrators was indorsed by one of them, and then taken by the other, who collected the money and appropriated it, the first administrator should not be regarded as having received the fund, and hence was not chargeable therewith.

2. SAME—ACCOUNTING—SURVIVING ADMINISTRATOR.
  A surviving administrator may be compelled to account by the surety on the deceased administrator's bond.

3. SAME—ACCOUNTING—ISSUES.
  In proceedings by the surety on a deceased administrator's bond to compel the surviving administratrix to account, the surety is not bound by the survivor's assertion of facts tending to release her from liability as to a certain fund received by the estate, but the surety is at liberty to prove possession and control of the fund, or such negligence as might charge her with liability.

Appeal from Surrogate's Court, Kings County.

In the matter of the estate of David S. Provost, deceased.   Appeal by Harriet T. Provost, surviving administratrix, from a decree confirming a referee's report, and directing an accounting sought at the instance of Sarah Provost, a surety on the deceased administrator's bond.   Modified.

Argued before BARTLETT, WOODWARD, HIRSCHBERG, JENKS, and HOOKER, JJ.

O. B. Thomas, for appellant.

Robert H. Wilson, for respondent.

HIRSCHBERG, J.   Letters of administration on the estate of David S. Provost, deceased, were issued on August 3, 1892, to the appellant, Harriet T. Provost, his widow, and John C. Provost, his father.   The only asset of the estate was a policy of life insurance, upon which there was collected on September 24, 1892, the sum of $5,054.15.   John C. Provost died in the year 1894, and the proceedings under review were instituted by the respondent, Sarah Provost, a surety on the administrator's bond, to compel an accounting by the appellant as surviving administratrix.   An order having been made requiring such accounting, the appellant filed an account, alleging that no property of the estate had ever come into her hands or under her control, excepting the interest on the sum of $5,054.15, the life insurance money referred to, from October, 1892, to July, 1894, and afterwards filed an amended account, alleging that none of the property of the estate ever came into her hands or under her control.   The appellant contends that she was in error in the allegation that she had received the interest of the fund for the period stated.   Whether her explanation of the circumstances in which she made the admission is to be regarded as satisfactory and conclusive, need not now be determined, the serious controversy between the parties upon this appeal being as to her liability to account for the receipt and disposition of the principal sum.

On objections filed by the respondent to the amended account, a reference was had, and upon the hearing it appeared without dispute that the policy of insurance was payable to the estate of the deceased; that a check for the amount, made payable to the joint order of the administrators, was indorsed by both; and that a receipt for the money, also signed by both, was given to the insurance company. The check was brought to the appellant for her indorsement by a son of her co-administrator, and was taken away by him when indorsed; the money on it being collected by the co-administrator, and so appropriated by him as to result in a total loss to the estate. No part of the principal fund was ever paid to the appellant, nor did any part of it pass through her hands, except in the matter of the indorsement of the check. On this proof the referee found as a fact "that the principal of this estate, amounting to the sum of five thousand and fifty-four $^{15}/_{100}$ dollars, collected on or about the 24th day of September, 1892, was received by said Harriet T. Provost as administratrix of David S. Provost, deceased, and that she is chargeable with said amount, together with interest thereon from the date that it was so collected." By the decree appealed from, the referee's report is confirmed, and the appellant is required to render and file "a proper and complete account, charging herself with the principal of this estate, to wit, the sum of five thousand and fifty-four $^{15}/_{100}$ dollars, and also with interest thereon from September 24, 1892, and showing her disposition of the same." The decree amounts to an adjudication that the appellant is liable for her associate's defalcation. It is an adjudication confirming the finding of the referee that she has actually received the life insurance money, and it is clear that, if she had received it and paid it over to her co-administrator, she would be liable for his subsequent default. The indorsement of the check, however, is not equivalent to a receipt of the money. This seems to have been expressly held in Paulding v. Sharkey, 21 Hun, 276, affirmed in 88 N. Y. 432. In that case three executors conveyed real estate under a power, but the purchase price was paid by check to the order of one of them. The payee indorsed the check over to one of his associates, by whom it was collected, and it was held that only the executor who collected it and his estate could be regarded as liable for the fund. The Court of Appeals considered only the joint act of signing the deed, the question of the liability of the payee of the check by reason of its indorsement not being under review, and the conclusion reached was that such joint act, "when necessary and only formal," was "insufficient of itself" to impose liability. But the General Term decision, so far as it was in favor of the executor who indorsed the check, was not appealed from, and it is an authority for the proposition that, if the check in this case had been made payable to the appellant alone, her mere indorsement and delivery of it to her associate would not, in the absence of negligence, render her liable for his subsequent defalcation.

The general rule governing the question of liability is laid down in Bruen v. Gillet, 115 N. Y. 10, 21 N. E. 676, 4 L. R. A. 529, 12 Am. St. Rep. 764, that where one of two or more trustees simply remains passive, and does not obstruct the collection by a co-trustee of moneys belonging to the trust fund, he is not liable for the latter's waste,

but if he himself receives the funds, and either delivers them over to his associate, or does any act by which they come into the sole possession of the latter, or under his control, and but for which he would not have received them, such trustee is liable for any loss resulting from the waste. The actual receipt and possession of the money are essential to the creation of the liability. In that case the funds were on deposit to the credit of two trustees, subject to their joint check. They accordingly had been actually received by both, and it was held that the act of transferring the funds from the joint account to the individual account of one of the trustees rendered the other liable for a misapplication of the fund, inasmuch as he signed the checks by which the transfer was effected. The case was distinguished from Paulding v. Sharkey, supra, in that the receipt of the check in the latter case was not the receiving of the money, and its indorsement was not a transfer of the possession of the fund represented by it. The court said (page 16, 115 N. Y., page 677, 21 N. E., 4 L. R. A. 529, 12 Am. St. Rep. 764):

"In cases where a debt due to the trust estate by a debtor has been paid to one of two or more trustees, and the debtor has required, as a condition of such payment, that a receipt should be joined in by all the trustees, in such case the signing of a receipt by the trustees who did not personally receive the money has been held to be merely formal or necessary for the purpose of obtaining the money from the debtor, and that they who did not receive the money in fact were not bound by their written admission of its receipt for the purpose named, and were not liable for the failure of the one who did in fact receive it to properly apply it. Of this class is the case of Paulding v. Sharkey, 88 N. Y. 432. There the three executors were empowered to sell the real estate, and, acting under such power, it was sold, and all the executors joined in the conveyance. But the price was paid by the purchaser by check payable to the order of one of the executors, and delivered to him. He indorsed and delivered it to his coexecutor, who also indorsed it and received the money; and the court held that the indorsement by the executor to whose order the check was payable was a mere formal matter, necessary for the purpose of obtaining possession of the purchase money from the purchaser, and, as matter of fact, the possession did not come into the hands of that executor to whose order the check was payable, but that it did come into the hands of that one of them who immediately drew the money upon the check after it was indorsed."

In Davis v. Kerr, 3 App. Div. 322, 38 N. Y. Supp. 387, this court held that the presentation of an account in the Surrogate's Court in which an investment is credited as standing in the names of two trustees is sufficient proof of the receipt and joint possession of the trust moneys. To the same effect is Glacius v. Fogel, 88 N. Y. 434, 443. It would seem to follow from these decisions, and the others which have been previously cited, that the learned referee was in error in this case in holding that upon the proof before him the appellant was to be regarded as having received the principal fund in question, and that the learned Surrogate's Court was in error in adjudging that she should charge herself on an accounting with that fund and the interest thereon, and that she should also be required to show the manner in which she had disposed of the same.

The appellant, having accepted the trust, is doubtless compellable to account as surviving administratrix. She appears to be asserting against the respondent, as surety, a claim upon the bond, and it may

be that a loss will result to one of the parties for the default of the deceased administrator. Having knowledge of the existence of the fund, and of its disposition, in so far as it came into the sole possession and control of her co-administrator, the appellant should disclose the facts in her account in reference thereto as she claims them, without being obliged to make a voluntary admission of personal liability, or to acquiesce in a decision having equal force. The respondent, of course, is not bound by the appellant's assertion of facts tending to relieve her from liability, but is at liberty to prove possession and control of the assets on her part, or such negligence (Earle v. Earle, 93 N. Y. 104, 113) as may tend to legally charge her with liability for the fund and interest, or either, or a part of either.

The decree should therefore be modified by sustaining the appellant's exceptions to the referee's report, and by directing the accounting as herein indicated, and as so modified it should be affirmed, without costs. All concur.

(87 App. Div. 157.)

GEE v. ALVAREZ et al.

(Supreme Court, Appellate Division, First Department. October 23, 1903.)

1. EXAMINATION OF DEFENDANT AS WITNESS BEFORE TRIAL.

In an action against defendant as surviving partner on a contract to pay plaintiff as salesman a commission on all sales by the firm in certain territory, whether made directly through plaintiff or not, the facts as to amount of sales being known only to defendant, an order for his examination as a witness before trial is proper.

2. SAME—PRODUCTION OF BOOKS.

An order in an action against one as surviving partner for his examination as a witness before trial should not also provide for his production of the firm books to refresh his memory; Code Civ. Proc. § 872, subd. 7, authorizing such combination in a single order, referring only to the case of the examination of an officer of a corporation. The proper course is a subpoena duces tecum, if on the examination defendant is unable to testify from his memory.

Appeal from Special Term.

Action by Sanford E. Gee against Miguel Alvarez, impleaded. From an order, defendant appeals. Modified.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN, HATCH, and LAUGHLIN, JJ.

Charles J. Hardy, for appellant.
Lemuel H. Arnold, for respondent.