(51 App. Div. 74.)

HOCTOR v. LAVERY.

(Supreme Court, Appellate Division, Third Department.    May 2, 1900.)

1. ADMINISTRATOR—PERSONAL LIABILITY FOR CONTRACTS—PURCHASE OF MONU-
MENT PURSUANT TO WILL OF TESTATOR.
    A testator bequeathed a specific sum to his executor in trust for the
erection of a monument. An administrator with will annexed, who suc-
ceeded to the trust, purchased the monument as directed, but the estate
of the testator, after payment of specific bequests and legacies, was insuffi-
cient to pay the trust fund. *Held*, that the administrator, and not the
estate of the testator, was liable for the price of the monument.
2. ACTION AGAINST LEGATEE FOR DEBT OF DECEDENT—LIABILITY FOR PROPOR-
TIONATE SHARE.
    Under Code Civ. Proc. §§ 1837, 1841, making legatees liable to an action
for a debt of their testator, to the extent of the assets paid or distributed
to them, when no assets have been delivered by the executor to the sur-
viving husband or wife or next of kin, a legatee who has received the
amount of his legacy is liable for his proportionate share of a debt due
from the deceased, where no assets from the estate have been turned over
to the surviving wife or next of kin as such.

Appeal from judgment on report of referee.

Action by Patrick Hoctor against Samuel Lavery to recover
legatee's proportionate share of a debt due from a decedent.    From
a judgment for plaintiff, defendant appeals.    Affirmed.

This is an action brought under the provisions of sections 1837, 1838, 1840,
and 1841 of the Code of Civil Procedure to recover from the defendant, as one
of the legatees of John Lavery, deceased, who was in his lifetime adminis-
trator with the will annexed of one Hugh Lavery, deceased, to recover the pro-
portionate share of $700, being the contract price of a monument for the said
Hugh Lavery furnished by the plaintiff. The action was referred to a referee,
who reported in favor of the plaintiff, and from the judgment entered upon his
report this appeal is taken. Upon the trial the following facts appeared: In
the year 1884 one Hugh Lavery died leaving a last will and testament, wherein,
after making certain specific devises, there was set forth the following: "I
give and bequeath to my executor hereinafter named the sum of seven hundred
dollars in trust, for the purpose of erecting a suitable monument over the grave
of myself and my mother, and I hereby direct that I be buried in the lot in
which she is buried in the cemetery in the town of Moreau, Saratoga county,
N. Y." And in and by the said will he constituted and appointed James Mc-
Dermott his executor. James McDermott renounced such appointment, and
thereafter John Lavery, brother of Hugh, was appointed administrator with
the will annexed. It was admitted upon the trial "that John Lavery, deceased,
purchased of the plaintiff the monument in question, while acting as adminis-
trator with the will annexed of Hugh Lavery, deceased, for the sum of $700."
John Lavery died May 20, 1885, and on the 24th day of June, 1885, letters of
administration with the will annexed of Hugh Lavery, deceased, were granted
to Anson R. Staples. Upon the trial of this action the referee found that the
estate of Hugh Lavery, outside of the specific bequests and legacies, did not
amount to enough to pay anything more than the costs and expenses of ad-
ministration and debts of the decedent, and for that reason there was no
money to make up the trust fund provided for by said will to build a monument.
John Lavery left a last will and testament, wherein he bequeathed to each of
his four children, including the defendant, the sum of $350, making each of said
legacies a charge upon a farm owned by him. He also gave to the defendant
a piece of land in the town of Queensbury. All the rest, residue, and remainder
of his estate, both real and personal, he left to his widow, Rosanna Lavery,
whom he also constituted the executrix of his estate. All the legacies to his
children, including the defendant, have been paid. The referee found "that
the executrix, who was also widow, residuary devisee, and legatee in the will,

took possession of all the property, both real and personal, except the land devised to Samuel Lavery, the defendant. She paid out for funeral expenses and various debts one hundred and sixty-seven dollars. The personal property which she would be entitled to by law as widow amounted to about three hundred dollars, leaving about one hundred and thirty-three dollars of personal property in her hands applicable to pay the four legacies above referred to, amounting to fourteen hundred dollars. She raised the money to pay the legacies by mortgaging the real estate. That no assets were delivered by the executrix to the surviving wife or next of kin as such, and the said wife and next of kin received nothing whatever from the estate of John Lavery except as hereinbefore stated in this report." The amounts received by the wife and next of kin, as referred to by the referee, were the legacies bequeathed to them in the will. The only exception by the appellant to the findings of fact by the referee was to the finding that "the plaintiff sold and delivered to John Lavery, the father of the defendant, a granite monument, for the agreed sum of $700." There is no statement that the case contains all the evidence. The contention of the appellant is that John Lavery was not personally liable for the purchase price of the monument, that it was not a debt of his, and that no action could have been maintained therefor against his executor or administrator, and that, therefore, an action for any proportionate part of the purchase price cannot be maintained against the defendant as a legatee of John Lavery.

Argued before PARKER, P. J., and HERRICK, MERWIN, SMITH, and KELLOGG, JJ.

D. J. Sullivan, for appellant.
King & Angell (H. Prior King, of counsel), for respondent.

HERRICK, J. From the admission of record in this case, we must assume the finding of the referee, as to the purchase of the monument by John Lavery, to be correct. John Lavery was personally liable for the contract price of the monument purchased by him, and the indebtedness thereby incurred constituted a claim against him, and not against the estate of Hugh Lavery, in the first instance, at least, although purchased by him while acting as administrator of Hugh Lavery, and for the purpose of carrying into effect the wishes of his testator. Ferrin v. Myrick, 41 N. Y. 315; Austin v. Munro, 47 N. Y. 360; New v. Nicoll, 73 N. Y. 127; Wetmore v. Porter, 92 N. Y. 76; Parker v. Day, 155 N. Y. 383, 49 N. E. 1046. The reasons given in the case of Ferrin v. Myrick (at page 319), for holding an administrator or executor personally liable for contracts made by him, instead of the estate, are peculiarly applicable to this case, where a specific sum was bequeathed to the executor in trust for the purpose of purchasing a monument. John Lavery succeeded to the trust of the executor named, and became the owner of that trust fund, and personally responsible for its expenditure. If the assets were not sufficient to realize the amount of such trust fund, he, as administrator, would be aware of that fact, and, if he attempted to carry into effect the desire of his testator, with no funds to meet it, he was still personally responsible, and not the estate.

The referee has found that no assets were turned over to the surviving wife or next of kin as such; that the defendant, one of four legatees, has received the amount of his legacy; and a case is therefore made, under sections 1837 and 1841 of the Code of Civil Procedure, for the recovery from him of his proportionate share of the

purchase price of the monument for which John Lavery, and upon his death his estate, was liable. The judgment should therefore be affirmed.

Judgment affirmed, with costs. All concur.