In the Matter of the Judicial Settlement of the Estate of LUMAN A. PERKINS, Deceased.

Surrogate's Court, Cattaraugus County, February (Received March, 1924).

Executors and administrators — accounting — power of Surrogate's Court to authorize sale of decedent's real property may only be exercised pursuant to Surrogate's Court Act, section 236 — when petition to sell decedent's real property for payment of debts, funeral and administration expenses deemed insufficient — when administrator not entitled to commissions on avails of sale of real property — when recourse may be had to administrator or to personal estate to meet deficiency judgment — when administrator deemed agent for heirs — Surrogate's Court has no power to direct sale of decedent's real property for payment of mortgage debt.

The power of the surrogate to authorize a sale of a decedent's real property is purely statutory and can only be exercised when the facts required by section 236 of the Surrogate's Court Act are made to appear to his satisfaction, and unless these facts exist at the time of the granting of such an order he has no jurisdiction to grant it.

A petition for leave to sell decedent's real property for the payment of debts, funeral expenses and expenses of administration, which while alleging that the personal property was insufficient to pay the just charges and demands against the estate, a mere conclusion, fails to set forth as required by section 236 of the Surrogate's Court Act a schedule showing the funeral expenses and the claims allowed by the administrator and the value of the personal estate in his hands applicable for that purpose, is insufficient.

Upon such a petition certain of the real property of the decedent was sold by the administrator pursuant to an order granted by the surrogate, and upon the proceedings for the settlement of the accounts of the administrator it was conceded by him that a sale of a considerable portion of the personal estate, made after the execution and delivery of an administrator's deed of the said real property, realized sufficient funds to meet all just charges against the estate, except one presented to him after the commencement of the accounting proceeding and which he did not object to paying. *Held*, that the administrator was not entitled to commissions upon the avails of the sale of the real property, as the surrogate had no power to authorize such sale.

The excepted claim was that of one T. for the full amount of a second mortgage upon premises other than those sold by the administrator, with interest remaining unpaid. Some time between the date of the first hearing in the accounting proceeding and the date to which such hearing was adjourned, an action to foreclose the mortgage was begun, and the attorney who represents both the administrator and the claimant asks that the estate be not presently distributed, but that sufficient funds be held by the administrator to meet any possible deficiency judgment arising upon the sale in foreclosure. *Held*, that upon decedent's death the title to his real property became vested in his heirs, burdened with the lien of said mortgage, which they under section 250 of the Real Property Law must satisfy, and recourse may not be had to the administrator or to the personal estate for such purpose.

38

Surrogate's Court, Cattaraugus County, March, 1924.     [Vol. 122

The surrogate never having acquired jurisdiction to direct a sale of the real property for the payment of debts, the administrator will be deemed to hold the moneys arising from such sale as agent for the other heirs. Such moneys form no part of the personal estate of the decedent and the administrator having paid over to creditors the amount of their claims, the decree to be entered upon the judicial settlement of the accounts of the administrator will provide that the balance of the personal estate remain in his hands and be so held until the contingent claim of T. becomes fixed and determined.

Such decree will further provide that in case a deficiency judgment be entered in the foreclosure action, upon proof of the amount of the same, it be paid out of the moneys remaining in the hands of the administrator so far as the same will reach; should there be no deficiency judgment or the amount thereof be less than the amount of moneys so remaining in the hands of the administrator, then such moneys or the balance thereof, after payment of a deficiency judgment, if any, be distributed in accordance with the Statute of Distribution.

The Surrogate's Court has no power to direct a sale of a decedent's real property for the payment of a mortgage debt, and neither section 244 nor section 269 of the Surrogate's Court Act is applicable to the situation here shown.

PROCEEDINGS to settle accounts of administrator.

*Herman Lavery,* for administrator and Henry W. True, an alleged creditor.

*Harry L. Gilrie,* for E. Polly Perkins.

BIRD, S. During the course of administration of this estate an application was made to the Surrogate's Court for an order to sell certain portions of the real estate of which said intestate died seized for the payment of debts, funeral expenses and expenses of administration. The petition alleged that the personal property was insufficient for such purposes, but did not set out the facts as required by section 236 of the Surrogate's Court Act by giving a schedule showing the funeral expenses and the claims presented and allowed by the administrator, and the value of the personal estate coming into his hands applicable for that purpose. The allegation that the personal estate of the intestate was insufficient to pay the just charges and demands against the estate was a conclusion. No objection was raised, however, to the petition and upon the return of the citation an order was made authorizing the administrator to enter into a contract for the sale of certain real property owned by the decedent at the time of his death, which contract was made and afterwards approved by an order made and entered, and a deed of the same given to the purchaser executed by the administrator.

At the execution and delivery of the deed a considerable portion of the personal estate of the decedent had not yet been converted into money by the administrator. This was subsequently sold and it turned out that there was sufficient personal property to

pay all debts, funeral expenses and expenses of administration, exclusive of a claim since presented, and which will be later considered.

The contract for the sale of the real property contained a provision that in the event that it should not be necessary to sell the real property for the payment of debts, etc., or should an order for the sale of the same not be granted, then the heirs at law would join in executing a deed of the same. The premises were sold pursuant to the order granted.

The administrator claims commissions on the avails of the sale of this parcel of land and this is objected to by E. Polly Perkins, one of the heirs at law and next of kin, on the ground that the surrogate had no power to make the order directing the sale of the same for the reason that there was sufficient personal estate to pay all debts, funeral expenses and expenses of administration.

It is conceded by the administrator that there came into his hands sufficient personal property to meet all just charges against the estate, except the claim of Henry W. True which was presented to him after the proceeding for a judicial settlement had been commenced, and which he does not object to paying.

In his lifetime the decedent executed and delivered to the claimant Henry W. True a bond secured by a mortgage upon premises owned by him, other than the lands sold in the proceeding above referred to, for the sum of $1,258.58. This mortgage was given to secure an indebtedness at that time owing by the decedent and is a second mortgage upon the premises. Payments were made upon this bond and mortgage during the lifetime of the decedent, so that it has been reduced to $751.42. This claim was presented to the administrator some time between December 24, 1923, on which date the first hearing on the judicial settlement of the estate was had, and January 28, 1924, the date to which such hearing was adjourned. In the meantime an action to foreclose said bond and mortgage was begun in Supreme Court. The claim is for the full amount of the bond and interest remaining unpaid. The same attorney represents the administrator and the claimant. He is asking that the estate be not distributed at this time but that sufficient funds be held by the administrator to meet any possible deficiency judgment.

Two questions are involved here: 1. Is the administrator under the facts and circumstances of this case entitled to commissions on the real property sold? 2. Has the surrogate under the provisions of section 269 of the Surrogate's Court Act, or under any other provisions, power to provide by decree that sufficient funds, now in the hands of the administrator, be held by him to pay any possible deficiency judgment in the foreclosure action, and

in the event he has such power, should he under all the circumstances of this case exercise it in favor of the claimant?

*First,* as to the question of commissions:

The allegations contained in the petition that the personal estate was insufficient to pay the funeral expenses, and all claims that had been presented and allowed, was not true. Undoubtedly, the administrator believed that the personal estate then in his hands unsold would not sell for enough to meet all just demands. Nevertheless the allegation was a conclusion and no order ought to have been made directing the sale of the premises. The power of the surrogate to authorize a sale of a decedent's real property is purely statutory and can be exercised only when the facts required by the statute are made to appear to his satisfaction. Unless these facts exist at the time of making the order, he has no jurisdiction to authorize a sale. If the necessity for the proceeding does not exist jurisdiction under the statute does not exist, or at least should not be exercised. *Personeni* v. *Goodale,* 199 N. Y. 323. Concededly, they did not exist at that time whatever view may now be taken of the claim of Mr. True. Had the moneys received from such sale come into the hands of the administrator as the result of a sale pursuant to a valid decree, he would undoubtedly be entitled to commissions upon the same. The surrogate having had no power under the statute, in view of the facts now conceded, to authorize the sale, the administrator should not be allowed commissions upon the avails of such sale. The title of the vendee can be perfected and should be perfected by a deed from the heirs.

I hold that the administrator is not entitled to commissions upon the purchase price of the premises conveyed.

The question of the claim of Mr. True is a novel one. My attention has been called to no decision directly in point.

It is clear that this court has no power to direct the sale of decedent's real property for the payment of a mortgage debt, for under subdivision 1 of section 234 of the Surrogate's Court Act mortgage liens are expressly excepted from the debts for the payment of which a sale may be directed.

Is this mortgage debt, which is undisputed, a debt within the provisions of section 269 of the Surrogate's Court Act, authorizing the surrogate by decree to direct that a sufficient sum be withheld from distribution to meet the same?

It is claimed by the claimant that it is. The contestant disputes this right.

By the terms of the bond the decedent obligor bound himself, his heirs, executors and administrators to pay the debt according to its terms. The bond is the principal instrument; the mortgage

is collateral security for the payment of the same. The mortgagee has two remedies: he may sue upon the bond or he may bring an action to foreclose the mortgage. He cannot do both.

Upon the death of the intestate the title to the real property of which he died seized vested in his heirs. The heirs took this property burdened with the lien of the mortgage. Under the provisions of section 250 of the Real Property Law the heirs must satisfy the mortgage and recourse is not to be had to the administrator or to the personal estate for such purpose. This rule, however, has no application in case of the foreclosure of the mortgage. In the event of a sale in a foreclosure action, if the premises do not sell for enough to pay the mortgage debt and the expenses of the sale, a deficiency judgment may be entered against the administrator. The only effect of this judgment is to establish the amount and validity of the debt. No execution can be issued thereon without express permission of the Surrogate's Court, and this judgment gives the judgment creditor no advantage over any other creditor. Civ. Prac. Act, § 656.

If the personal estate has been distributed by the administrator after the expiration of the time within which creditors are required to present claims, the judgment against the administrator is of course ineffective. The heirs are, nevertheless, liable to the extent of the interest in the real estate descending to them *pro rata* under such judgment, and an action may be maintained against them for such recovery. Decedent Estate Law, § 176.

The next of kin are likewise liable *pro rata* to the amount of any moneys paid over to them as distributees. The only purpose of making an administrator or executor a party defendant in an action to foreclose a mortgage given by the decedent in his lifetime, is to charge his estate with any deficiency judgment which may be obtained. If the deficiency judgment is obtained prior to a judicial settlement and distribution of the personal estate, such deficiency judgment is an established claim against the estate and is entitled to share with any other claims *pro rata*. Until such deficiency judgment is established, it is at most a contingent liability, and resort must be first had to the lands covered by the mortgage. The claim for the unpaid amount of the bond and mortgage is not a claim which the administrator may allow and pay, and be credited for on the judicial settlement of his accounts. *Johnson* v. *Corbett*, 11 Paige, 265, 269. It is, however, a contingent claim, and Redfield states without citing any authority for the statement, that it is a claim which the representative should provide for, and hence is one that may be presented under the notice to present claims. Redf. Surr. (6th ed.) § 638.

Although no decision is cited to uphold this statement, the opinion of Mr. Redfield is entitled to great weight and should be followed in the absence of authority to the contrary.

It seems to me that neither section 244 nor section 269 of the Surrogate's Court Act is applicable to the situation as shown in the instant case. They were intended to take care of other contingencies than the one arising here.

In 1921 section 207 of the Surrogate's Court Act was amended (Laws of 1921, chap. 629) by inserting a new provision which, it seems to me, is broad enough to cover cases of the character of the one here presented. It is true that this claim was not presented until after the expiration of the time within which creditors were required by the notice to present their claims, and this amendment states that such a claim may be presented by affidavit on or before the day named in the notice provided for in that section, which is the general notice to creditors to present claims. I see no reason for any different rule in this class of cases than the general one that a claim is entitled to the same consideration if presented after the expiration of the time given in the notice as it would be if presented before, provided the estate has not been distributed, but still remains in the hands of the administrator, and I so hold.

It follows from these considerations that the claim presented by or on behalf of Mr. True is a contingent claim, and one that the administrator should consider; and that no final distribution of the personal estate can take place until the ultimate liability of the estate for any deficiency judgment in the foreclosure action is determined.

It does not follow, however, that the moneys coming into the hands of the administrator as a result of the sale of the real estate in the ¬roceeding hereinabove referred to may be retained by him for this purpose. The surrogate having never acquired jurisdiction to direct the sale of such real property for the payment of debts, etc., in that proceeding, he will be deemed to hold the moneys arising from such sale as agent for the other heirs. These moneys form no part of the personal estate of the decedent. The administrator having paid over to the creditors entitled to receive the same, the amount of their claims, the decree on the judicial settlement may provide that the balance of the personal estate remaining in his hands be held by him until the contingent claim of Mr. True becomes fixed and determined, and in the event that a deficiency judgment is entered in the foreclosure action upon proof of the amount of the same, it be paid out of the moneys remaining in his hands so far as the same will reach, and should there be no deficiency judgment, or the amount of the same be less

than the amount of moneys so remaining in his hands, then the moneys so remaining or the balance, after the payment of such deficiency judgment, if any, be distributed to the next of kin, in accordance with the Statute of Distribution.

Decreed accordingly.