626

Thomas G. Field, Plaintiff, v. Israel Suchman Corporation and Others, Defendants.

Supreme Court, New York County, December 17, 1929.

Cadwalader, Wickersham & Taft, for the plaintiff.

Suchman & Samuels [Leon Samuels of counsel], for the defendant Harry Suchman.

Townley, J. The defendant Harry Suchman, individually and as administrator of the goods, chattels and credits of Israel Suchman, deceased, moves to dismiss the complaint for insufficiency or in the alternative to strike out from the complaint any demand therein contained for personal judgment against the said defendant. Plaintiff brings this action in foreclosure upon a bond and mortgage made and executed by Israel Suchman, deceased. Plaintiff's complaint contains all the essential allegations usual in a complaint for foreclosure, and further alleges that the decedent, Israel Suchman, died intestate, leaving him surviving eight children, one of whom was the said moving defendant Harry Suchman, and also a widow

now deceased. Decedent's said son, Harry Suchman, was thereafter duly appointed administrator in the Surrogate's Court, New York county; that the net personalty of said decedent's estate after the payment of debts and funeral expenses was received and distributed by said administrator in equal shares to each of the said eight children. Among other relief prayed for in the complaint is " that if any deficiency remained plaintiff have judgment therefor against each of the defendants (naming each of the eight children of the decedent) to the extent of $2,184.86, which they received on the death of said Israel Suchman."

The right of the plaintiff to secure a deficiency judgment, if any results, as prayed for in this complaint as against the next of kin individually, is specifically authorized by section 170 of the Decedent Estate Law (added by Laws of 1920, chap. 919), which is the identical language of section 1837 of our former Code of Civil Procedure without change. That section prescribes: " An action may be maintained, as prescribed in this article, against the surviving husband or wife of a decedent, and the next of kin of an intestate, or the next of kin or legatees of a testator to recover, to the extent of the assets paid or distributed to them, for a debt of the decedent, upon which an action might have been maintained, against the executor or administrator. The neglect of the creditor to present his claim to the executor or administrator, within the time prescribed by law for that purpose, does not impair his right to maintain such an action." (See *Hoctor* v. *Lavery*, 51 App. Div. 74.)

The moving defendant claims that no effective judgment for deficiency can or should be entered against him in his official capacity as administrator in that he has complied with the provisions of section 208 of the Surrogate's Court Act. If such be the fact, that is a matter of defense. (See *Collier* v. *Miller*, 62 Hun, 99; *Matter of Perkins*, 122 Misc. 593, where it is stated: " If the personal estate has been distributed by the administrator after the expiration of the time within which creditors are required to present claims, the judgment against the administrator is of course ineffective.") It is the general rule of pleading that a plaintiff need not anticipate and deny a possible defense if he pleads a complete cause of action. (See 1 Bradbury's Rules and Forms of Pleadings [2d ed.], p. 157, and cases there cited.)

Motion by said defendant is in all respects denied, with ten dollars costs. Order signed.