## In the Matter of the Estate of LOUIS LUST, Deceased.

Surrogate's Court, Bronx County, June 29, 1931.

*Jacob P. Shulman,* for the petitioner.

*Irwin Isaacs,* for the executrix.

*Edgar Hirschberg,* for Anna Magezis and others.

HENDERSON, S. This proceeding for the sale of certain real property of the decedent has been brought by a creditor within eighteen months after letters testamentary were issued to decedent's widow.

The application is contested by decedent's children who are his only heirs at law. Under his will they take the residuary estate and the remainder in said real property after the widow's life estate therein. The widow has not answered herein and no proceeding for the settlement of her account as executrix has been commenced.

The petitioner foreclosed a mortgage upon other real property formerly owned by the decedent, executed by the decedent as collateral security to a bond executed by him in the sum of $5,250. The executrix was a party to that foreclosure action in which the petitioner obtained a deficiency judgment for $6,153.65 against her as such executrix, less than a year after decedent's death. No appeal was taken from said judgment and the time to do so has expired.

The objection to granting the relief sought is based on the grounds that the petitioner is not a creditor of the decedent; that the petitioner was not a creditor of the decedent at the time his will was probated; that the decedent was not indebted to the petitioner in any sum whatsoever, and that the answering respondents were not parties to said foreclosure action and had no knowledge thereof.

The heirs and devisees were not necessary or proper parties to that action, for the title of the realty sold thereunder had been alienated by the decedent in his lifetime and his estate was represented by his executrix, who was a proper party thereto if judgment was therein sought against his estate for any deficiency. (Dec. Est. Law, § 116; *Glacius* v. *Fogel*, 88 N. Y. 434, 440.)

The respondents have not attacked the judgment nor pleaded otherwise than above set forth, and such judgment, therefore, establishes the amount and validity of the debt and claim against the estate. (Surr. Ct. Act, § 237; *Matter of Perkins*, 122 Misc. 593, 597; *Glacius* v. *Fogel*, *supra*.)

Counsel has urged that the decision in *Matter of Littleton* (129 Misc. 845) applies to this proceeding. That case dealt with an application under the provisions of section 207 of the Surrogate's Court Act, made by the holder of a bond and mortgage also executed by a decedent, for a direction that his executrix retain from the balance which her account showed was ready for distribution, a sum sufficient to pay a possible deficiency which might or might not arise at some time in the distant future, and the probable amount of which could not be definitely computed at the time of such application upon the evidence submitted. Here, however, the amount of the deficiency was determined by a court of competent

jurisdiction less than seven months after the will was probated. The *Littleton* decision has no application to the facts in the present matter. Moreover, that decision in a comment upon *Matter of Perkins* (*supra*) contains the following statement (at p. 847): " That case had to do with facts indicating an apparent immediate deficiency upon the foreclosure of a mortgage. Even without the amendment of 1921 the court could and undoubtedly would have taken note of and provided against such a claim by withholding the decree."

In the *Perkins* case the contingent claim of a mortgage lienor was presented after the first hearing on the judicial settlement of that estate, and later an action to foreclose the mortgage was commenced prior to the entry of the decree on such settlement. The administrator of that estate, having paid the claims of the creditors entitled to payment, was directed to retain the balance of the personalty in his hands until the contingent mortgage claim became determined, and in the event of the entry of a deficiency judgment to apply such balance to the payment thereof before distribution to the next of kin.

The petitioner's claim is not for a mortgage lien. Recourse was first had to the mortgaged lands, and upon entry of the deficiency judgment the claim became a definite, fixed debt of the decedent payable by the executrix out of the estate in due course of administration. (*Glacius* v. *Fogel*, *supra*, at p. 444.) The last case cited was an appeal from a decree in an accounting proceeding which directed the executors to pay the proceeds of realty in their hands on account of a deficiency judgment obtained in an action to foreclose a mortgage executed by their testator. The court said (at p. *444): " The real estate could not be reached under proceedings to sell under 2 R. S. 209, § 53, and the other acts relating to that subject, for it had already been sold and the moneys arising therefrom as well as from the rents and the award had been paid over to the representatives. They received it for the estate and were clearly liable to account therefor to the petitioner."

As the value of the entire personal estate is $1,862, it is apparent that this is a proper case to direct a sale of such real property for the purpose of paying decedent's debts on account of deficiency of personal estate. (Surr. Ct. Act, art. 13; *Matter of Doyle*, 180 App. Div. 398, 401, 402.)

The application is granted. The order to be entered hereon may contain a direction that the purchaser pay the proceeds of sale to a bank or trust company to be therein designated by the court, or the amount of the bond will be fixed upon the settlement of the order, at which time affidavits as to the value of the equity may be submitted. Settle order accordingly.