In the Matter of the Estate of HARRIET A. ROGERS, Deceased.

Surrogate's Court, Orleans County, February 3, 1932.

*Milton J. Whedon*, for the petitioner.

*Signor, Reed & Signor*, for the executrices.

HARCOURT, S. This is a proceeding to reopen a final decree of this court, dated July 13, 1921, settling the accounts of Ella P. Bragg and Florence H. Jackson, as executrices and trustees of the last will and testament of Harriet A. Rogers, deceased, and to surcharge their accounts with the sum of $2,621.17 and interest thereon, being the amount recovered by claimant under a judgment of deficiency against said executrices and trustees, entered on September 2, 1931, and which arose out of the foreclosure of a mortgage given by deceased on the 2d day of April, 1910. The will was probated April 23, 1919, and on July 21, 1921, the real property upon which said mortgage was a lien was conveyed by said executrices to William A. Beckett and Anna Beckett, and said grantees continued to pay interest on said mortgage to claimant until April 2, 1927. The executrices advertised for creditors, pursuant to statute, the last day to present claims being November 1, 1919, and in July, 1921, pursuant to said decree, distributed the estate remaining after payment of the debts and funeral expenses and costs of administration, excepting said bond and mortgage, to the legatees entitled thereto. No claim was filed or presented by claimant upon his bond and mortgage, as provided by the notice to creditors, although the conveyance of said real estate was made subject to said mortgage, indicating that the executrices had knowledge thereof, but at no time were they asked to reserve or set aside any part of the estate as against any deficiency that might arise on the foreclosure of said mortgage. Claimant was not served with a citation upon the final accounting, did not appear therein, and was not a party thereto.

An heir or devisee must satisfy a mortgage on property descending or devised to him out of his own property, without resorting to the executor or administrator of his devisee or ancestor. (Real Prop. Law, § 250.)

Before the mortgagee can resort to the personal estate of the mortgagor he must first exhaust his remedy against the land and look to the estate only for the deficiency. (*Johnson* v. *Corbett*, 11 Paige, 265; *Erwin* v. *Loper*, 43 N. Y. 521, 525; *Olmstead* v. *Latimer*, 9 App. Div. 163, 166; *Matter of Perkins*, 122 Misc. 593; *Matter of Weissman*, 140 id. 360.)

Prior to the amendment of section 207 of the Surrogate's Court

Act (Laws of 1921, chap. 629), which went into effect October 1, 1921, and which provides for the filing of contingent or unliquidated claims with personal representatives, a claim for payment of a bond and mortgage was not a claim which the representative might pay and allow and be credited for on a judicial accounting of his accounts (*Johnson* v. *Corbett, supra; Matter of Perkins, supra*), and the only provable claim arising on a bond and mortgage was upon a deficiency judgment arising out of foreclosure proceedings. (*Johnson* v. *Corbett, supra; Hauselt* v. *Patterson*, 124 N. Y. 349; *Matter of Perkins, supra; Matter of Weissman, supra; Matter of Lust*, 140 Misc. 600.)

It is conceded that no claim of any kind was filed, but claimant contends that the executrices had notice of the existence of the bond and mortgage when they made the conveyance of the land, and that he is not bound by the short Statute of Limitations as to presentation of claims.

Mere knowledge of the bond and mortgage is not equivalent to filing a claim for a fixed and determined deficiency. It is only by virtue of section 207 of the Surrogate's Court Act, as amended, that contingent and unliquidated claims may be filed, and then only by complying with its provisions. The amendment to this section, which makes this possible, was not in effect until after the final decree and distribution of the estate had been made. Under the authorities cited, mere notice to the executrices of the existence of the bond and mortgage, whether before or after the amendment noted, is not sufficient to charge them with payment thereof.

The filing of a claim for the amount of the deficiency at this time would be a nullity because the judgment was against the executrices, as such, and the estate has been distributed long since. (*Matter of Perkins, supra; Field* v. *Suchman Corp.*, 135 Misc. 626.)

The claimant, in any event, should not succeed in this proceeding. To hold that a decree under which the entire estate had been distributed should be reopened, and the executrices be made to account for the amount of a deficiency judgment recovered at least nine years after the distribution had been made, and where the mortgagee had accepted payments of interest for a period of nearly six years and rested on his right to foreclose for several years longer, during which time it is common knowledge that the value of real estate has greatly depreciated, would do violence to the principles of equity and justice.

The petition is dismissed.