In the Matter of the Estate of HULDA LAWSON, Also Known as HULDA LARSON, Deceased.

Surrogate's Court, Kings County, April 3, 1936.

*William B. Sandler*, for the petitioner, Ida O. O. Nelsen, sister of decedent, on her own behalf and on behalf of other brothers and sisters of decedent.

*Frank S. Johnson*, for the respondent, Harry Lawson, administrator, widower of decedent.

WINGATE, S. The present application for revocation of the letters of administration which were heretofore granted to the widower is predicated on the alleged fact that he comes within the description of subdivision (c) of section 87 of the Decedent Estate Law as " a husband who has neglected or refused to provide for his wife, or who has abandoned her," and is for that reason debarred from sharing in the distribution of her estate, and that under section 118 of the Surrogate's Court Act letters of adminis-

tration are to be granted only to " persons entitled to take or share in the personal property." (*Matter of Wolff*, 161 App. Div. 255, 262; *Matter of Bunimowitz*, 128 Misc. 518, 520.)

In view of the testimony developed on the hearing, the question of the location of the burden of proof in respect to the conduct of the surviving spouse becomes a vital consideration. A difference of opinion has developed between this court and the surrogates of New York county relative to the location of the burden of proof respecting the somewhat related question of election by a spouse whose conduct is potentially within the description of subdivisions 4 and 5 of section 18 of the Decedent Estate Law. (*Matter of Sitkin*, 151 Misc. 448; cf. *Matter of Green*, 155 id. 641, 649.)

This court has no wish to engage in any extended polemics on the subject, particularly with such an outstanding jurist as the writer of the *Green* decision. It must, however, adhere to its position respecting the location of the burden of proof under section 18 on the basic principles of statutory construction established by the uniform tenor of authoritative pronouncements for the past century at least, a few of which are noted on page 456 of the *Sitkin* opinion and from the obvious standpoint of utility, discussion of which therein follows.

Neither consideration, however, is applicable to the interpretation of section 87 of the Decedent Estate Law, which is here involved, and indeed an equally imposing array of authorities respecting the proper manner of statutory construction demonstrates that since, in the present instance, the exception to the usual right of inheritance is not included in the enacting clause but is a subsequent limitation thereon, in the nature of a proviso, the condition divesting the right must be alleged and demonstrated by the person whose success depends thereon. (*Harris* v. *White*, 81 N. Y. 532, 547; *Jefferson* v. *People*, 101 id. 19, 22; *Rowell* v. *Janvrin*, 151 id. 60, 68, 69; *People* v. *Stedeker*, 175 id. 57, 66, 67; *People ex rel. Gleason* v. *Scannell*, 172 id. 317, 321; *Rosselle* v. *Klein*, 42 App. Div. 316, 317; *Field* v. *Suchman Corp.*, 135 Misc. 626, 627.)

The distinctions between the two varieties of enactments are fully discussed in a number of the last-cited cases as well as in those upon which reliance was based for the *Sitkin* result, and it is the feeling of the court that these fundamental and thoroughly-established principles of statutory construction are binding upon a court of first impression until higher authority has determined them to be no longer guiding precedents.

In the case at bar, as stated, the burden is definitely upon the present applicants to allege and demonstrate by a fair preponderance of the evidence that the acting administrator is within the

excepted category of persons within the contemplation of subdivision (c) of section 87 of the Decedent Estate Law. On the entire record, the mind of the court is left in doubt as to whether the present respondent did not contribute to the support of the decedent to the extent of his ability, and as to whether his taking up a different abode for a time was not in pursuance of a mutual agreement in order to make room for the additional lodgers whom the decedent wished to accommodate. In this situation the decision must be adverse to the applicants. (*Matter of Case*, 214 N. Y. 199, 203; *Matter of Stern*, 235 App. Div. 60, 66; affd., 261 N. Y. 617; *Matter of Sharp*, 134 Misc. 405, 408; *Matter of Frommelt*, 154 id. 81, 82.)

The petition for revocation of letters is accordingly denied.

Enter decree on notice.