In the Matter of the Estate of ESTHER A. RECHTSCHAFFEN, Deceased.

Surrogate's Court, New York County, February 23, 1937.

*M. Carl Levine* [*David Morgulas* of counsel], for the petitioner, nephew of deceased.

*David Getzoff*, for the respondent, husband of deceased.

Delehanty, S. Deceased left her surviving a husband and various sisters and brothers and their descendants. One of the nephews of deceased presented a petition for his appointment as administrator. Upon the return of the citation the surviving husband filed his cross-petition seeking his own appointment.

The answer of the surviving husband asserted that this court was without jurisdiction because deceased was a resident of another county of this State. The court took testimony concerning the residence of deceased and, on ample proof, determines that she was at the time of her death a resident of New York county. Hence the objection to jurisdiction is overrruled.

The petition filed by the nephew of deceased asserted abandonment of deceased by her surviving husband. The answer of the surviving husband put in issue the fact of abandonment. If he had neglected or refused to provide for deceased or had abandoned her he is not entitled to share in her property (Dec. Est. Law, § 87), and hence would not be interested in her estate and hence would not be entitled to letters. The issue thus framed was tried.

Chief reliance is placed by the petitioning nephew upon certain proceedings in the City Magistrate's Court and in the Domestic Relations Court. Records were introduced of various convictions of the surviving husband on complaints which recited on printed blanks that the husband was a disorderly person. The allegations in such complaints include allegations of abandonment and failure to support. In one of such proceedings the papers are indorsed, " In the Matter of Esther Rechtschaffen against Louis Rechtschaffen." In others the papers are indorsed, " Commissioner of Public Charities of the City of New York on behalf of Esther Rechtschaffen against Louis Rechtschaffen." In the original proceeding the title is " The People of the State of New York on the complaint of Esther Rechtschaffen against Louis Rechtschaffen." These proceedings resulted in orders that the husband of deceased pay weekly sums never greater than four dollars.

The first question presented is whether or not these records of conviction as a disorderly person are receivable in evidence and whether the motion to strike them out should be granted or denied. The early cases made it perfectly clear that the judgment roll in proceedings such as these constituted no proof in a civil controversy. (*Green* v. *Altenkirch*, 176 App. Div. 320, and authorities there cited.) This rule of complete exclusion is not the law of this State. (*Schindler* v. *Royal Insurance Co.*, 258 N. Y. 310.) The case last cited

held that the judgment in a criminal court constituted no final adjudication of the facts recited in it when offered in a civil controversy involving proof of the same facts. It would seem from the decision, however, that in an appropriate case the conviction will be held *prima facie* proof of the facts upon which it is based. The case was decided on the single point whether or not the proceedings in the criminal court constituted a binding adjudication. It is clear authority that the proceedings here proved do not, as matter of law, establish abandonment or failure to provide. The contention of the petitioning nephew that these proceedings in the lower courts constitute an adjudication of abandonment upon which he can rely in this proceeding is held to be without substance.

The further question must be considered whether the proceedings have any value whatever in this controversy. That question requires consideration of the nature of the proceedings in the lower courts. The subject has been completely explored in *People* v. *Schenkel* (258 N. Y. 224). In that case, LEHMAN, J., said (p. 226): " The criminal courts are not the proper forum for the determination of marital disputes. * * * In the civil courts the relative rights and obligations of the parties to a marriage like other relative rights and obligations, must be adjudged in accordance with the conduct of the parties. There, at times, fault may be balanced against fault and obligation dissolved by loss of right to enforce it. A penal law may make failure to perform a duty to the State a crime, where the public interest demands its performance. Then the misconduct of the person to whom primarily the duty is owed becomes irrelevant." After discussing the general nature of statutes such as that under which this surviving husband was held liable to pay for his wife's maintenance, the writer continued (p. 227): " In this State the penal statute leaves no discretion to the courts. A person is ' disorderly ' who leaves wife or children in danger of becoming a burden upon the public or who neglects to provide for them according to his means. Duty of provision is absolute and regardless of the wife's fault. * * * (p. 228). Perhaps the husband may be entitled to a decree of separation on the ground of abandonment. Perhaps the wife may be entitled to a decree of separation with separate maintenance on the ground of cruelty. Such questions cannot be litigated in this prosecution."

It is evident from the cited decision of the Court of Appeals respecting the scope of any proceeding such as shown by the records offered in evidence by petitioner that the sole point which could have been determined in the proceedings against the husband was whether or not deceased was in danger of becoming a public charge and whether in consequence a burden of support was imposed upon her husband irrespective the rights which they may have had

respectively in a matrimonial action duly instituted by either of them. That being the true construction of the statute under which these so-called convictions were had, it is quite apparent that the convictions proved nothing which affects the question here at issue. For that reason the motion to strike the records of the convictions from the record of this proceeding is granted.

The burden of establishing abandonment is upon the one who asserts it. (*Matter of Green*, 155 Misc. 641; affd., 246 App. Div. 583.) The distinguished surrogate of Kings county, who holds a different view in respect of the burden of proof of abandonment when the issue arises under section 18 of the Decedent Estate Law, agrees that in controversies arising in respect of section 87 of Decedent Estate Law the burden is upon him who asserts abandonment. (*Matter of Lawson*, 158 Misc. 902.)

The record is barren of any direct testimony on the issue of abandonment except such as is furnished by the testimony of the surviving husband himself and by his daughter, unless the court may take into account respondent's Exhibit 2, which appears to have been received without objection. This exhibit is a transcript of the proceedings before a city magistrate conducted within a couple of days after the alleged abandonment. From these minutes it is plain enough that deceased had the key to the apartment in which she lived with her husband and his children by a former marriage; that she locked them out of the apartment, that she sold the furniture and gave up the apartment, and that her husband with his children then lived in the store which was being operated as a laundry at the time. That record shows that the husband expressed a desire and willingness to live with his wife. It indicates an arbitrary refusal on the part of the wife to continue in a household with her husband. The husband's testimony and that of his daughter would go far toward establishing the right of the husband to a separation if presented in a matrimonial action. The only opposing proof is the fact that the parties lived separately for many years, the fact that the surviving husband over these many years paid pursuant to the orders in the Magistrate's and Domestic Relations Courts, and the fact that at various times he made very harsh comments on his wife to her employer. The payment of the ordered sums would negative the idea of failure to support. Whether over these years the lower courts would have continued the order for support had all the facts been known to the court is quite doubtful. Respondent's Exhibit 4 establishes that antecedent April, 1926, deceased had at least $5,000 in bank (the transcript of account does not cover any earlier period), and that at the time of her death in 1936 she still had over $5,000 in bank. The proof otherwise shows that she was always employed at good wages.

The case presents another of those situations predicted in *Matter of Green (supra)*, where this court is compelled post mortem to try a matrimonial case. Here the preponderance of the evidence which remains in the record is in favor of the surviving husband of deceased. Since the burden is upon the petitioning nephew to establish the husband's abandonment or his failure to provide for deceased, and since his effort to establish such abandonment or failure to provide has proved wholly abortive, the determination of the court must be and is that the petition of the surviving nephew of deceased is denied and the cross-petition of the surviving husband is granted.

Submit, on notice, decree accordingly.