Bergan, J.
For many years the testator and his wife lived apart. Matrimonial litigation between them in 1926 was inconclusive in its effect. In 1947 the testator executed a will which provided in respect of the wife: “ I give, devise and bequeath to my wife, Anna Gahan, should she survive me, that portion of my estate to which she is entitled under the laws of the State of New York ”.
In a proceeding to construe this sentence, the Surrogate has determined that it was the intention of the testator to provide for his wife as in intestacy, and that it was not his intention to require her to elect against the will under section 18 of the Decedent Estate Law. On this construction, the decree provides that the wife is entitled to one third of the estate.
Appellants say that the language used shows an intent to leave the wife only the right to elect against the will, i.e., that the will goes as far as the law allows to cut the wife off from any benefit coming through the voluntary act of the husband.
The language can quite reasonably be construed this way; but it is another thing to attribute unreasonableness to the Surrogate because he construed it the other way, to mean that the intent was to have the wife take as in intestacy.
The Surrogate knew as much about the testator’s mind, from the language he used, as we do. He looked at the same enigmatic words that we now read in the record before us. The function of an appeal is to correct manifest error, and not to supersede the estimations of some judges with those of others, in open areas of law or fact. There is certainly nothing rigidly crystallized in the law in an interpretation to be given to words like these which to different minds would bring different meanings.
The interpretation given by the Surrogate to this language is rather similar to the view taken by the General Term, Second Department, a bench in 1883 of marked competency, in Matter of Golder (30 Hun 441). The language used there was that after testator’s wife ‘ ‘ shall be paid and receive the amount due *649 her by law ” certain enumerated bequests were set up. The court felt that the language showed a purpose that the wife should be paid the same proportion of the husband’s property that she would have received had he died intestate (p. 442).
There was then, of course, no alternative right to the surviving spouse to elect against the will as there now is, but even so, the language of the will before us, ££ to which she is entitled under the laws ” suggests, when accompanied by the affirmative words ££ give, devise, and bequeath ” that the testator’s intent was not made dependent on any intervening act or election of the wife, but on the status of her general rights as survivor under our statute law.
Our Statute of Descent and Distribution is self-operative as to all property ££ not devised ” or “ not bequeathed ” (Decedent Estate Law, § 83). The Surrogate in Matter of Hoff (194 Misc. 739 [1948]) was of opinion that similar language should be construed thus, but regarded himself bound by the assumption of all counsel in the case that there the testator had in mind the wife’s right of election (p. 740).
The article of the statute dealing with descent and distribution provides (Decedent Estate Law, § 87, subd. [d]) that no distributive share shall go to a wife who has abandoned her husband. The executrix appellant, in her petition for construction of the will, alleged that the wife had ££ separated from the bed and board ’ ’ of the testator and that the executrix had been informed that the wife was not entitled to any part of the estate; the special guardian appellant pleaded the wife’s abandonment. The issue was fully litigated on all sides before the Surrogate. Still the executrix argues here that£ £ the question of abandonment was not before the Surrogate for decision”; that all the Surrogate was asked to do was to interpret the words.
The question of abandonment is, however, germane to the proceeding if it be found, as the Surrogate has determined, that the testator meant to have the wife take as in intestacy, because she would then not take under the Statute of Distribution if there had been an abandonment.
This proceeding was not instituted by the executrix for judicial advice on an interesting but abstract legal question. A construction was not to be given in isolation from the result of the construction. She was seeking, as both petition and citation show, judicial directions in respect of her office as executrix, and these are what the Surrogate gave her in his decree.
*650 ' The judgment roll and the record of the testimony of the wife in the matrimonial action of over twenty years before were received in evidence. The testimony of witnesses in that action, other than the wife, was excluded and there was no foundation for its reception.
In that action the wife sued for a separation on the ground of cruelty; the husband counterclaimed for the same relief on the ground of abandonment. On the trial the wife had judgment; on appeal here (Gahan v. Gahan, 218 App. Div. 797) the judgment was reversed and the complaint dismissed. Nothing was done with the counterclaim in this court and no decision of that issue has ever been made. Nothing in all this establishes the wife’s abandonment.
It is argued by the special guardian appellant that under the form of language used in section 87, the burden is upon a wife seeking to take under the beneficial aid of the statute, to show that she had not abandoned the decedent. The opinions of Surrogate Wingate of Kings County in Matter of Sitkin (151 Misc. 448) and in Matter of Lawson (158 Misc. 902), supporting the view, are incorporated in the brief at great length. A different view of the statute was taken in New York County (Matter of Green, 155 Misc. 641).
This difference of opinion was resolved by Matter of Maiden (284 N. Y. 429 [1940]) which determined that the burden of showing abandonment as a forfeiture to the right of a spouse to share in an estate is upon the party who asserts it. The conflicting views of the Surrogates of New York and Kings are interesting historically but one of the views is no longer authoritative.
Abandonment was not established by the proof in this record; by that evidence received from the record in the matrimonial action, or by the judgment roll in that action. (Cf. Matter of Hoff, supra.) The finding of the Surrogate that the wife did not abandon the testator is fully warranted.
The decree should be affirmed, with costs and disbursements to all parties payable from the estate.
Decree affirmed, with costs and disbursements to all parties filing briefs payable from the estate.
Foster, P. J., Heffernan, Brewster and Coon, JJ., concur.